UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA PORTILLO CARRANZA, Petitioner, v. JEFF SESSIONS, et al., Respondents. | Case No. 18-cv-01946-SI<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 15 |

On March 29, 2018, Petitioner Claudia Portillo Carranza filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. No. 1. Petitioner is a native and citizen of El Salvador who is currently detained in Immigration and Customs Enforcement custody pending the conclusion of removal proceedings. *See* Dkt. No. 10 at 1-2.

Petitioner argues that her prolonged detention without a bond hearing before an Immigration Judge ("IJ") is unlawful, and requests this Court either order Petitioner's immediate release or "a bond hearing before the immigration court in San Francisco." *See* Dkt. No. 1. Respondents oppose the petition on the grounds that Petitioner has failed to exhaust her administrative remedies, and that Petitioner is not entitled to the bond hearing she seeks because she is lawfully detained. *See* Dkt. No. 13.

Since filing the petition, Petitioner has filed a request for a bond hearing with an IJ. *See* Dkt. No. 14. Petitioner's request was denied. Petitioner has not appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). Having reviewed the briefing and exhibits submitted by the parties, the Court concludes that Petitioner must exhaust her administrative remedies by seeking review from the BIA of the IJ's denial of her bond hearing before this Court will act. *See Leonardo v. Crawford*, 646 F.3d 1157, 1159, 1161 (9th Cir. 2011) (clarifying proper procedure for

challenging a *Casas* bond determination, and remanding with instructions to dismiss the petition without prejudice where petitioner failed to appeal the IJ's decision to the BIA before filing the habeas action in district court).

Courts in this district have waived exhaustion requirements in circumstances where petitioners have filed an appeal with the BIA and then demonstrated irreparable harm. *See, e.g.*, *Villalta v. Sessions*, No. C 17-05390, 2018 WL 4355182, at *3 (N.D. Cal. Oct. 2, 2017) (Koh, J.); *Cortez v. Sessions*, No. 18-CV-01014, 2018 WL 1510187, at *2-3 (N.D. Cal. Mar. 27, 2018) (Ryu, M.J.). Here, however, petitioner has not even filed such an appeal. The Court finds that absent a showing of futility or irreparable harm, the Court cannot waive petitioner's exhaustion requirements.

Accordingly, Petitioner's habeas petition is DISMISSED with leave to amend subject to a showing of appeal to the BIA.

**IT IS SO ORDERED**.

Dated: June 11, 2018

_____
SUSAN ILLSTON
United States District Judge